FOUULUVALU M. EPATI SCANLAN, Appellant

v.

LIKI REED, CHIEF ELECTION OFFICER, and
AMERICAN SAMOA GOVERNMENT, Appellees

High Court of American Samoa
Appellate Division

AP No. 32-88

November 23, 1988

Before REES, Associate Justice, TOGAFAU, Acting
Associate Justice, LUALEMAGA, Associate Judge, and
AFUOLA, Associate Judge.

Counsel: For Appellant, Charles Ala'ilima
 For Appellees, Caroline B. Crenna,
 Assistant Attorney General

REES, J.:

 This is an appeal from the decision of the
Board of Registration that appellee Liki Reed is a
qualified elector in House of Representatives
District #8, comprising the village of Fagatogo.
On November 8, 1988, Reed was re-elected
Representative for District 8. Appellant was the
only losing candidate. Although the appeal seeks
only a declaration that Reed was ineligible to vote
in the district and his removal from the list of
voters, we assume the intended effect of the appeal
is to secure the certification of appellant as the
winner of the election.

 The facts are undisputed. Reed grew up in
Fagatogo and lived there until he went away to
college in the United States. Upon his return he
lived in Fagatogo for two years and then moved into
a house in Gataivai, which is outside District 8.
Reed had acquired the house, or a share in it,
through inheritance in 1962. His family, his
church, and his business are in Fagatogo. He
serves the Lutu title, which is appurtenant to
Fagatogo although it also has lands in Utulei. He
is an officer and active member of the Fagatogo
Aumaga. He has voted in Fagatogo since 1974 and
has never voted in Gataivai. He was elected
Representative from District 8 in 1986 and re-
elected this year.

We hold that the Board of Registration was correct in its determination that Reed is a resident of Fagatogo and therefore a qualified elector in District 8. A.S.C.A. § 6.0212(b) provides that "[a] person does not gain residency in any district into which he comes without the present intention of establishing his permanent dwelling place within that district." The point is underscored by A.S.C.A. § 6.0212(d): "The mere intention to acquire a new residence without physical presence at that place does not establish residency, neither does mere physical presence without the concurrent present intention to establish that place as his residence."

Eight years is a long time to live in a place without intending to make it one's permanent residence. The existence of such an intention remains, however, a question of fact to be decided in light of all the circumstances; the statute makes it clear that physical presence alone is not dispositive of intent. In Dole v. Attorney General, AP No. 23-78, this Court held that a man who had resided in Futiga for ten years was still a resident of Fagatogo, since he "resides in Futiga only for convenience, having never intended to give up his residence in Fagatogo." Id., slip opinion at 3, decided December 5, 1978. In Dole, as counsel for appellant points out, the Court noted that the voter owned a house in Fagatogo although he physically resided in Futiga. In this case the objective indicia of intent --- participation in church and aumaga in Fagatogo, voting in Fagatogo, serving the Lutu title in Fagatogo,[3] and running for office in Fagatogo ---are even stronger than those in Dole. Since Reed never intended to make Gataivai his permanent residence, he retains his original voting residence in Fagatogo.

The decision of the Board of Registration is affirmed.

---

[3] A.S.C.A. § 6.0212(f) provides in pertinent part that "[t]he situs of a person's primary matai obligations are a factor in determining district residency."